Ferren, Senior Judge, concurring:
More than two decades ago, in our Adams[1] and Carl[2] decisions, this court announced common law exceptions to the at-will employment doctrine based on public policy. In Adams , we identified an exception permitting an employee's suit for damages alleging wrongful discharge for refusing the employer's demand to violate the law by driving a truck without a valid inspection sticker. In Carl , we acknowledged an exception justifying a damage action against a hospital for discharging an employee who exercised her right to testify against proposed legislation that would limit malpractice recoveries, against the hospital's interests. For any new exception, Carl established two criteria: (1) a "clear showing" that "a new exception is needed," derived from an "identifiable policy ... 'officially declared' " in the Constitution, a statute, or a municipal regulation; and (2) a "close fit" between that policy and "the conduct at issue in the allegedly wrongful termination."[3]
In this case, we conclude, first, that appellant Bereston's complaint did not sufficiently allege a wrongful discharge claim. We then decline her request to recognize a common law exception justifying damages for her employer's alleged "unlawful harassment and retaliation"[4] while she remained on the job. I am adding this concurring opinion to explain my reasons for joining this latter ruling.
According to paragraph 74 of her complaint, Ms. Bereston alleges that her hospital employer violated the District's public policy "by retaliating, harassing and eventually terminating" her employment because of her efforts to bring the hospital "into compliance with the several laws and regulations governing its operation." Although a few jurisdictions have recognized common law exceptions based on public policy for alleged retaliation against an employee short of discharge-commonly demotion for filing a workers' compensation or whistleblower claim[5] -I am reluctant to recognize an unlawful harassment/retaliation exception in this case.
A discharge for a clear-cut, easily discernable employee act, such as a refusal to drive ( Adams ) or a decision to testify ( Carl ), can be held unlawful rather easily by reference to public policy clearly reflected in a particular statute or regulation. To the contrary, to recognize Ms. Bereston's common law claim for harassment/retaliation would require substantial fact-finding based on employer/employee interactions over time necessitating definitions *116 of terms, burdens of production and proof, and ultimately resolution of swearing contests involving multiple actors in environments with fluid dynamics. This would take judge-made law to an extreme, from creating a right to creating a regime.
It is obviously true that the kind of fact-finding and law-applying I have just outlined is something the courts do every day, but we do so by applying statutes that spell out all the required ground rules. Thus, as illustrated in the opinion of the court,[6] a judge-made exception here would require us to piggy-back selectively and extensively on statutes governing, for example, race and sex discrimination,[7] whistleblowing,[8] and harassment/retaliation in hostile work environments.[9] This we could do, I suppose, but in doing so for harassment/retaliation claims we would manifestly be competing with the D.C. Council to create causes of action of the kind that legislatures, not courts, typically undertake, given the complexity of the subject and the legal structure required. I do not go so far as to say that our local legislature has preempted the employment-rights field; I conclude merely that, given the established legislative concern about enacting and protecting the rights of employees under a number of existing District statutes, it seems to me both awkward and pretentious to recognize an exception to the at-will doctrine that would reflect an obvious, intrusive move into the legislative arena.
I am not, however, averse to extending common law rights of recovery when appropriate.[10] In at least two areas that I have noted, workers' compensation and whistleblower protection, state courts have applied wrongful discharge analysis to wrongful demotions.[11] In these instances of asserting clear-cut rights, grounded in statutory public policy-and, like Adams and Carl , typically uncomplicated by controversy over what the employee did-it seems "inconsistent to recognize a cause of action for retaliatory discharge, but not demotion."[12] Indeed, it is more than a little incongruous to permit-without penalty-a hostile employer to humiliate rather than fire an employee (and likely drive the employee, instead, to voluntarily quit).
Unlike the factual fight in the typical harassment/retaliation case like Ms. Bereston's, where the sides have conflicting stories to tell, a typical demotion for assertion of whistleblower protection or worker's compensation would generate controversy only over an employer's reasons for demoting an employee who asserts an unquestionable right or duty. I say "typical" demotion because, of course, even that predicate for a common law action on occasion may invite controversy and dilute my point here. Nonetheless, I perceive a material distinction between challenging retaliation for clear-cut, right-or-duty-based assertions by employees, and an employee's effort to establish harassment/retaliation as a common law basis for challenging *117 employer discipline, short of discharge, in an area requiring a superstructure of rules and where, in part, the legislature has already spoken.
I, therefore, concur separately in the opinion of the court to assure that nothing we say here forecloses efforts to achieve common law causes of actions, as appropriate, in the employment area.

Adams v. George W. Cochran & Co. , 597 A.2d 28 (D.C. 1991).

Carl v. Children's Hosp. , 702 A.2d 159 (D.C. 1997) (en banc).

Id. at 164 (Terry, J., concurring), 197 n.2 (Steadman, J., dissenting).

Compl. ¶¶ 73-75.

See Trosper v. Bag 'N Save , 273 Neb. 855, 734 N.W.2d 704, 711 (2007) (recognizing a cause of action for retaliatory demotion for filing a workers' compensation claim); Brigham v. Dillon Companies, Inc ., 262 Kan. 12, 935 P.2d 1054, 1059-60 (1997) (same); Lawson v. AK Steel Corp ., 121 Ohio App.3d 251, 699 N.E.2d 951, 953-54 (1997) (recognizing a cause of action for the demotion of a whistleblower); Powers v. Springfield City Schools , No. 98-CA-10, 1998 WL 336782 at *7 (Ohio Ct. App. June 26, 1998) (unpublished opinion) (recognizing a cause of action for the retaliatory denial of a promotion to an employee who reported child abuse); Garcia v. Rockwell Internat. Corp ., 187 Cal.App.3d 1556, 232 Cal.Rptr. 490, 493 (1986) (recognizing a cause of action for the suspension without pay of a whistleblower).

See ante text accompanying notes 49-56.

District of Columbia Human Rights Act, D.C. Code § 2-1402.11 (2017 Repl.).

District of Columbia Whistleblower Protection Act, D.C. Code § 1-615.52 (6) (2017 Repl.).

D.C. Code §§ 2-1402.61 (District of Columbia Human Rights Act), 1-615.53 (District of Columbia Whistleblower Protection Act), 32-1542 (2017 Repl.); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 (a).

Carl , 702 A.2d at 166 (Ferren, J., concurring).

Trosper , 734 N.W.2d at 711 ; Dillon , 935 P.2d at 1059-60 ; Lawson , 699 N.E.2d at 953-54.

Trosper , 734 N.W.2d at 710.